UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

David Lent,

                          Plaintiff,

                           **Hon. Hugh B. Scott**

                    v.                        06CV569S

                             **Decision & Order**
                                  and
                            **Fourth Amended**
Signature Truck Systems, Inc.              **Scheduling Order**
Muncie Power Products, Inc.,
Base Engineering, Inc.,

                        Defendants.
_____

      Before the Court are the following motions: plaintiff's motion to compel discovery (Docket No. 97) and defendant Base Engineering, Inc.'s ("Base") motion to strike the plaintiff's Second Response to First Set of Interrogatories (Docket No. 106).

**Background**

      The plaintiff, David Lent ("Lent") brought this action in New York State Supreme Court, Erie County, against Signature Truck Systems Inc. ("Signature"), Muncie Power Products inc. ("Muncie") and Base Engineering, Inc. ("Base"). Lent alleges that on December 10, 2003, he was employed by Ferrellgas Partners, L.P. ("Ferrellgas").[1] The plaintiff alleges that he was

---

[1] Each of the original defendants have filed a third-party complaint Ferrellgas in this case (Docket Nos. 15, 26 and 29).

1

severely injured while making a delivery of propane gas to a Ferrellgas customer on Ball Road in the Village of Forrestville, New York. Lent alleges that the power-take-off system ("PTO") engaged unexpectedly and entangled both of his arms. (Docket No. 1-2 at ¶ 4). The alleges that the propane delivery vehicle Lent as operating was manufactured by Signature (Docket No. 1-2 at ¶ 5); the PTO system was designed and manufactured by Muncie (Docket No. 1-2 at ¶ 32); and a radio remote control unit used to engage the PTO was designed and manufactured by Base (Docket No. 1-2 at ¶ 57).

## Discussion

**Motion to Compel**

The plaintiff seeks to compel discovery from various defendants (Docket No. 97). The defendants contend that the discovery period set by Magistrate Judge Leslie G. Foschio has expired and that the extension of discovery ordered by Magistrate Judge Foschio did not reopen discovery as to all defendants.

Pursuant to the Second Amended Scheduling Order dated October 23, 2008, fact discovery in this case was to be completed by February 17, 2009; expert disclosure was to be made by the plaintiff on April 30, 2009, by the original defendants on June 30, 2009, and by the third-party defendants by August 31, 2009 (with motions to compel expert disclosure to be filed by September 11, 2009). On April 15, 2009, the plaintiff filed a motion seeking to allow further discovery, principally concerning Muncie, and to extend the parties' time to provide expert disclosure. (Docket No. 88). The plaintiff alleged that Muncie's response to prior discovery demands was insufficient and that based upon newly acquired information, the plaintiff had

2

determined that a new theory suggesting that the PTO shaft may rotate even when the PTO is disengaged and the controls for the PTO were in the "off" position.

On May 12, 2009, Magistrate Judge Foschio conducted a two and one-half hour hearing, delving with great detail into the mechanics underlying the plaintiff's theory as to how the accident may have occurred, as well as the adequacy of the prior discovery responses from Muncie. (Docket No. 114 at page 110). Magistrate Judge Foschio determined that Muncie's response to prior discovery was, at the very least, insufficient (Docket No. 114 at 77). Subsequently, Magistrate Judge Foschio entered a Third Amended Scheduling Order stating that "all fact discovery in this case shall conclude on August 31, 2009" (Docket No. 96 at ¶2). The Third Amended Scheduling Order also set forth new dates for expert disclosure, dispositive motions and other pretrial and trial dates. (Docket No. 96 at ¶¶ 3-8). The Third Amended Scheduling Order does not place any restrictions upon which parties were subject to further discovery during the expanded discovery period.[2]

Subsequent to the entry of the Third Amended Scheduling Order, the plaintiff served defendant Base with a First Set of Interrogatories and a Second Notice to Produce; the plaintiff served Signature with a Second Set of Interrogatories and a Second Notice to Produce; the plaintiff served Muncie with a Second Document Demand and a Third Document demand; and the plaintiff served Ferrellgas with a Second Set of Interrogatories[3] and a request for a further inspection of Unit B-901. (Docket No. 97 at ¶ 7).

---

[2] This case was subsequently transferred to the undersigned after Magistrate Judge Foschio recused himself from further participation in this matter.

[3] In its response to the instant motion, Ferrellgas asserts that it has served the plaintiff with responses to the Second Set of Interrogatories. (Docket No. 104-3 at ¶¶ 5-6).

As an initial matter, the defendants allege that the expanded discovery period was only to allow the plaintiff to obtain further discovery from Muncie. The discussion during the extensive hearing before Magistrate Judge Foschio focused upon the need for additional discovery relating to a new theory of the case, which the plaintiff contended was not discovered in a more timely fashion due to the fact that Muncie had not adequately responded to earlier discovery demands. Although much of the discussion focused on Muncie, at the end of the hearing, Magistrate Judge Foschio granted the motion to expand the discovery period "by approximately six months" (Docket No. 114 at ¶ 109). Magistrate Judge Foschio's ruling at the time of the hearing did not restrict the discovery to be taken during that period in any way. As noted above, Magistrate Judge Foschio's written Order setting new pretrial dates (the Third amended Scheduling Order) similarly does not restrict the discovery to be taken during the expanded discovery period. The record makes clear that Magistrate Judge Foschio expanded the discovery period in this case, at least in part, due to a lapse in the discovery responses made by Muncie. In a multi-defendant case involving an accident alleged to have resulted due to the operation of machinery with interacting component parts, each made by one of the respective defendants, it is likely that discovery from one defendant may logically impact the discovery desired from one of the other defendants. This is particularly so in the instant case inasmuch as the plaintiff is investigating a new theory, the discovery of which was at least partially delayed due to the insufficient discovery responses by one of the defendants. The Court is also guided by the fact that the public interest is best served when cases are decided on the merits. <u>AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.</u>, 197 F.R.D. 104 (S.D.N.Y. 2000)(" It is unfortunate that this already complex and lengthy litigation may be protracted yet further. Under all the circumstances,

4

however, a discretionary extension is warranted, and comports with the Second Circuit's clearly expressed preference that litigation disputes be resolved on the merits. See Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y.1996); Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995)"). Finally, the defendants have not demonstrated that they would be subject to any undue prejudice as a result of the additional discovery.

Ferrellgas also argues that it would be unduly burdened by being required to permit the plaintiff to conduct another inspection of Unit B-901.[4] In the alternative, Ferrellgas asserts that the plaintiff should bear any costs associated with a further inspection of Unit B-901. (Docket No. 104 at page 9). Inasmuch as there is a new theory as to how the accident underlying this case may have been caused, a re-inspection of the vehicle is reasonable. In light of the nature of this action, and the relative financial resources of the parties, the Court declines to shift the cost of the inspection to the plaintiff.

The motion to compel discovery by Lent is granted. To the extent the defendants have not yet responded to the discovery demands served by the plaintiff subsequent to Magistrate Judge Foschio's expansion of the discovery period, they are directed to respond within 20 days of the date of this Order unless otherwise agreed to by the parties.

**Motion to Strike Interrogatory Responses**

Base has filed a motion seeking to strike the plaintiff's supplemental responses to interrogatories served by Base. (Docket No. 106). Although defendant Signature did not file a

---

[4] This appears to be the vehicle involved in the underlying accident. (Docket No. 104 at page 7).

separate motion, Signature's response to the plaintiff's motion to compel asks for similar relief relating to supplemental responses by Lent to interrogatories served by Signature. (Docket No. 105 at page 15). Both defendants claim that the supplemental responses should be stricken because they assert different theories of liability against them. Lent argues that he had only recently learned that the Muncie PTO was subject to unwanted shaft rotation and that the Base remote/receiver is an integral part of the control system for the PTO. (Docket No. 109 at ¶22). As set forth above, inasmuch as the plaintiff's delay in formulating this understanding was attributable, at least in part, to inadequate discovery responses on the part of one of the defendants, and in the interests of justice in having his matter determined on the merits, the Court has permitted additional discovery to take place. The plaintiff is entitled, if not required, to supplement his interrogatory responses based upon the newly discovered material. Other than the fact of the delay, the defendants have not articulated any prejudice to them by the supplemented responses. The Court notes that the deadline for the disclosure of expert discovery has not yet passed.

The motion to strike the plaintiff's supplemental interrogatory responses is denied.

**Fourth Amended Scheduling Order**

In light of the above, it is necessary to adjust the remaining pretrial dates in this matter. The following dates shall apply:

1. This case has previously been referred to mediation. The parties are encouraged to continue mediation efforts to resolve this matter.

2. All fact discovery in this matter shall be completed by **December 31, 2009**. Any motion to compel shall be filed at least 30 days prior to that date.

3. The plaintiff shall identify experts and provide written reports in compliance with Rule 26 no later than **January 29, 2010**; the defendants shall identify experts and provide written reports in compliance with Rule 26 no later than **March 15, 2010**. The third-party defendants shall identify experts and provide written reports in compliance with Rule 26 no later than **May 1, 2010**. All expert discovery shall be completed on or before **May 15, 2010.**

4. In the event settlement is not effectuated through mediation, dispositive motions, if any, shall be filed no later than **June 30, 2010**.

5. In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **July 30, 2010**.

6. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

7. A <u>final pretrial conference</u> pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(j) will be held on **August 18, 2010 at 9:00 a.m.** with Judge Skretny.

8. Trial is set to commence on **October 12, 2010 at 9:30 a.m.** before Judge Skretny.

Counsel's attention is directed to Fed. R. Civ. P. Rule 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

## Conclusion

The motion to compel (Docket No. 97) is granted, consistent with the above. The motion to strike the plaintiff's interrogatory responses (Docket No. 106) is denied.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 14, 2009