UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

David Lent,

                                      Plaintiff,

                                      **Hon. Hugh B. Scott**

                              v.

                                      06CV569S

                                      **Decision & Order**

Signature Truck Systems, Inc.
Muncie Power Products, Inc.,
Base Engineering, Inc.,

                                    Defendants.

_____

Before the Court are the following motions: defendant Base Engineering, Inc.'s motion seeking to re-open discovery and to modify the scheduling order in this case. (Docket No. 140); and plaintiff's motion to preclude Muncie Power Products Inc. from submitting expert testimony at trial. (Docket No. 143).

**Background**

The plaintiff, David Lent ("Lent") brought this action in New York State Supreme Court, Erie County, against Signature Truck Systems Inc. ("Signature"), Muncie Power Products inc. ("Muncie") and Base Engineering, Inc. ("Base"). Lent alleges that on December 10, 2003, he

1

was employed by Ferrellgas Partners, L.P. ("Ferrellgas").[1]  The plaintiff alleges that he was severely injured while making a delivery of propane gas to a Ferrellgas customer on Ball Road in the Village of Forrestville, New York. Lent alleges that the power-take-off system ("PTO") engaged unexpectedly and entangled both of his arms.  (Docket No. 1-2 at ¶ 4).  He alleges that the propane delivery vehicle Lent as operating was manufactured by Signature (Docket No. 1-2 at ¶ 5); the PTO system was designed and manufactured by Muncie (Docket No. 1-2 at ¶ 32); and a radio remote control unit used to engage the PTO was designed and manufactured by Base (Docket No. 1-2 at ¶ 57).

## Discussion

**Motion to Extend Discovery**

The defendants seek to reopen discovery to compel further disclosure from the plaintiff. It appears that there is a discrepancy between the plaintiff's deposition testimony as to his location and position in conjunction with the truck at the time of the accident and the plaintiff's expert's theory as to how the accident took place.  The defendants argue that the plaintiff's expert report is insufficient in that the expert asserts that the plaintiff was "in close proximity" to the PTO drive at the time it engaged, but that the expert does not define what is meant by "close proximity."  (Docket No. 140 at ¶ 13).  Further, the defendants contend that the plaintiff claims

---

[1] Each of the original defendants have filed a third-party complaint Ferrellgas in this case (Docket Nos. 15, 26 and 29).

some type of memory loss which accounts for the fact that the discrepancy between the plaintiff's testimony and the plaintiff's expert's theory. In this regard, the defendants argue, the plaintiff has not submitted a report of a physician, but is relying on the report of Igor L. Paul, an engineer. (Docket No. 140 at ¶ 15). The plaintiff contends that after the inspection of the truck, "it was readily apparent that plaintiff could not have become entangled on the PTO shaft if he was outside the frame rail on the driver's side of the truck." (Docket No. 142 at ¶ 7). Thus, the defendants cannot claim to be "surprised" by the plaintiff's expert's report which places Lent under the truck in close proximity of the PTO at the time of the accident. Indeed, the deposition testimony given by the President of defendant Signature, as well as Signature's expert disclosure, reflects that they believed that the plaintiff must have been under the truck at the time of the accident. (Docket No. 140 at ¶¶ 9-13). The plaintiff also asserts that he is not relying solely on the report of Mr. Paul, but instead had served the defendants with the report of Dr. Timothy V. Jordan, the plaintiff's trauma surgeon, which states that: "Mr. Lent experienced profound shock as a result of his right arm being traumatically amputated and his left arm being crushed and devascularized. Both events caused life-threatening injuries and resulted in a significant loss of blood. Consequently, I believe, Mr. Lent's recollection of events may not be accurate because patients who experience shock usually have varying degrees of altered mental status." (Docket No. 142-5 at page 2).

The defendants argue that the plaintiff should be compelled "to provide further disclosure from his experts to make clear how they claim plaintiff became caught in a PTO drive shaft several feet away from the spot plaintiff testified he was when the accident happened, particularly if plaintiff is now claiming through his expert that he was in a location other than he previously

3

testified." (Docket No. 140 at ¶ 19).

The defendants have not presented good cause for the reopening of discovery in this matter. ***The Court notes that this case is 4 years old.*** The fact that a discrepancy exists between the deposition testimony of the plaintiff and the theory offered by the plaintiff's expert does not mandate further discovery. The defendants have not articulated specifically what additional discovery could be conducted to further elucidate this issue. They have not demonstrated that the plaintiff could provide a more detailed factual testimony than previously given regarding how the accident took place, or that the plaintiff possesses the capacity to explain the discrepancy between his prior testimony and the plaintiff's expert's theory. The defendants cannot claim "surprise" at the fact that the plaintiff's expert's theory is premised upon the fact that the plaintiff was in close enough proximity to the PTO to get caught in the drive shaft. Moreover, the defendants have not articulated a basis to dispute Dr. Jordan's statement that the shock experienced by Lent may have affected Lent's ability to accurately recall the details of the accident. Certainly, the defendants may attempt to use any discrepancy between the plaintiff's deposition testimony and plaintiff's expert's theory to their advantage during the trial.

The motion to reopen discovery is denied.


**Motion to Preclude Muncie's Expert**

The plaintiff seeks to preclude Muncie from the presenting expert testimony at trial inasmuch as Muncie did not file expert disclosure by August 16, 2010 as directed in this Court's

April 26, 2010 Scheduling Order (Docket No. 139).[2] It appears that prior to the August 16, 2010 deadline, the parties discussed an extension of time as to the defendants' deadline to submit expert disclosures. (Docket No. 142 at ¶ 4). Ultimately, the parties were unable to reach an agreement as to an extension of the defendants' expert disclosure date. On August 13, 2010, the Friday before the Monday deadline for defendants' expert disclosure, the defendants filed the above referenced motion to reopen discovery and extend the expert disclosure deadline. This motion did not act to automatically stay the expert disclosure deadline. The defendants should have been more diligent in addressing these issues prior to the day before the deadline, and requesting the Court's full attention on an expedited basis. Notwithstanding, the plaintiff has failed to articulate any bad faith or dilatory motive on the part of Muncie. In contrast to the significant prejudice that Muncie would suffer by preclusion of its expert, the plaintiff has not demonstrated that he would be prejudiced in any way by a short delay in the filing of Muncie's expert disclosure. The motion to preclude Muncie from presenting expert testimony is denied.

The April 26, 2010 Scheduling Order in this case is amended as follows: the defendants may file or amend their expert reports by August 31, 2010. All other dates set forth in the April 26, 2010 Scheduling Order remain in effect.

**Conclusion**

The motion to extend discovery (Docket No. 140) and the motion to preclude Muncie from presenting expert testimony (Docket No. 143) are denied.

---

[2] It appears that two of the defendants were able to make expert disclosures as directed by the April 26, 2010 Scheduling Order.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 24, 2010