UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID LENT,

                Plaintiff,

    v.

SIGNATURE TRUCK SYSTEMS, INC.,
MUNCIE POWER PRODUCTS, INC.,
BASE ENGINEERING, INC.,

                Defendants.

SIGNATURE TRUCK SYSTEMS, INC.,
MUNCIE POWER PRODUCTS, INC.,
BASE ENGINEERING, INC.,

                Plaintiffs,

    v.

FERRELLGAS PARTNERS, L.P.

                Defendant.

**DECISION AND ORDER**
06-CV-569S

1.      Presently before this Court are two motions from Defendants, Muncie Power Products, Inc. ("Muncie") and Signature Truck Systems, Inc. ("Signature"), seeking to compel Plaintiff to pay expert fees. (Docket Nos. 201, 204.) For the following reasons, those motions are granted.

2.      These motions concern the depositions of several of Defendants' experts, which were taken at Plaintiff's behest in late 2010. Before the depositions took place, it is undisputed that the parties agreed that the party taking the deposition would pay the fees and expenses of the expert. (Baase Decl., ¶ 12; Docket No. 201-1.) After the depositions, Defendants forwarded Plaintiff the experts' invoices, but Plaintiff has not yet paid all of the fees. Plaintiff vows that he is willing to pay the invoices, except for certain deductions he seeks to make in the experts' travel time.

3.      Dr. Allison, Muncie's expert, spent a total of 17 hours traveling to and from his deposition. Arguing that the opposing attorneys saved on their own travel expenses because all the depositions were conducted in Buffalo, and claiming that it should only take two hours to travel from Boston to Buffalo, Plaintiff seeks to limit that time to 8 hours. There is also a discrepancy concerning whether Dr. Allison flew, as he states in his affidavit, or if he drove, as Muncie's attorney states in his June 29, 2011 letter to Plaintiff's counsel. But, in an any event, this Court finds that (1) 8.5 hours is not an unreasonable amount of time, whether by car or by plane (factoring in all the variables attendant to commercial aviation), to get from Millbury Massachusetts, where Dr. Allison lives, to Buffalo, New York, and (2) Plaintiff's attorney, himself, saved on travel expenses by conducting all the depositions in Buffalo instead of the experts' offices. Thus, this Court finds that Plaintiff is responsible for compensating Dr. Allison for all his time.

4.      Plaintiff also seeks to limit his payment for the experts' travel time to half of the experts' hourly rate. See Dwyer v. Deutsche Lufthansa, AG, No. CV 04-3184(TCP)(AKT), 2007 WL 526606, at *4 (E.D.N.Y. Feb. 13, 2007) (reducing expert's travel-time fee under Fed. R. Civ. P. 26(b)(5)(i) by half and noting that "compensation [for travel time] should not be at the full hourly rate charged for rendering professional services"); but see New York v. Solvent Chemical Co., Inc., 210 F.R.D. 462, 472 (W.D.N.Y. 2002) (awarding full rate for travel time). Yet this contention appears to contradict the parties' undisputed agreement that the party seeking the deposition would be responsible for the travel costs and fees. Plaintiff attorney's own characterization of the agreement, on September 17, 2010,  makes no reference to this seemingly post-hoc limitation. (See Ex. A to Baase Decl.) Other evidence also suggests that Plaintiff's attorney understood the

2

agreement to mean that he would be responsible for the full rate. In his June 15, 2011 letter to Defendants' counsel, after several unanswered requests for payment, he explains for the first time that he is only willing to pay for four hours of travel time, instead of the actual travel time, and he calculates his proposed payment at the experts' full hourly rate. (Ex. H. to Baase Decl.) Not until the next week, long after the depositions were completed, does he propose for the fist time that paying half of the regular rate would be more appropriate. Accordingly, Plaintiff will be responsible for the experts' full rate.

5.      Signature seeks payment for the expenses of two of its experts: Dr. Nathan Dorris and Kevin Bedsworth. Dr. Dorris' invoices show 8 hours of travel time from Atlanta Georgia, while Bedsworth seeks payment for 18.8 of travel from Aurora, Illinois. This Court finds neither of these submissions to be unreasonable. For the same reasons as discussed above, Plaintiff will be responsible for the fees and costs associated with these experts travel time.

6.      Lastly, Muncie and Signature have sought attorney fees associated with this motion but have not submitted affidavits detailing the time expended in making this motion. Therefore, no fees will be awarded at this time.

* * *

IT HEREBY IS ORDERED, that Muncie's Motion to Compel Expert Fees (Docket No. 201) is GRANTED in part and DENIED in part.

FURTHER, that Signature's Cross-Motion to Compel Expert Fees (Docket No. 204) is GRANTED in part and DENIED in part.

3

FURTHER, Plaintiff has 15 days from the date of this order to remit payment to the appropriate entities.

SO ORDERED.

Dated:   April 24, 2012
         Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court